**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---------------------------------------------------------

L-3 SPACE AND NAVIGATION : 
: 
: 
: 
Plaintiff,       : 
:                    Civ. No. 03-5739 (DRD)
v.               : 
: 
: 
BARLEX, INC              :                    **O P I N I O N**
: 
: 
Defendant.    : 
: 

---------------------------------------------------------


Thomas R. Hower, Esq.
FOX ROTHSCHILD, LLP
Princeton Pike Corporate Center
997 Lenox Drove, Building 3
Lawrenceville, New Jersey 08648-2311

*Attorney for Plaintiff*


Raffik Abnous
Barlex, Inc.
401 North Brand Boulevard, Suite 550
Glendale, California 91203

*President of Defendant Corporation*

**DEBEVOISE, Senior District Judge**

This case arises from a contract dispute between Plaintiff, L-3 Space and Navigation ("L-3") and Defendant, Barlex, Inc. Each party alleges that the other breached certain obligations under an agreement under which Barlex performed services as an auctioneer for L-3. L-3 filed its complaint on December 1, 2003. Barlex filed its answer and counterclaim on January 13, 2004. On May 11, 2004, L-3's motion for partial summary judgment was denied. At some point thereafter, Barlex filed for bankruptcy. Consequently, this case was administratively terminated on February 3, 2005. On April 27, 2005 the bankruptcy case was dismissed. This case was reopened on June 29, 2005.

From the beginning of its involvement in this case Barlex was represented by Andrew Anselmi, Esq. On October 19, 2005 Mr. Anselmi filed a motion to withdraw as counsel. On November 21, 2005 the court ordered that Mr. Anselmi be relieved as counsel and that "[b]y December 18, 2005, Defendant shall have new counsel enter an appearance on its behalf or Plaintiff has leave to move to strike the answer, defenses or counterclaims."

By December 19, 2005, no new counsel had entered an appearance on behalf of Barlex and L-3 moved to strike Barlex's answer, defenses and counterclaims. That motion was referred to the Honorable Susan D. Wigenton, United States Magistrate Judge, pursuant to Fed. R. Civ. P. 72(b) and L. Civ. R. 72.1(c)(2), such that she could prepare a recommendation for disposition of the matter. Barlex did not submit any opposition to the motion. Judge Wigenton issued her Report and Recommendation ("Report") in which she recommended that Barlex's answer, defenses and counterclaims be stricken. Thereafter, Barlex submitted its opposition to the Report, stating that it has been unable to retain new counsel due to its present lack of funds.

For the reasons set forth below, Judge Wigenton's report will be accepted and Barlex's answer, defenses, and counterclaims will be stricken.

## I.  STANDARD OF REVIEW

Under Fed. R. Civ. P. 72(b) and L. Civ. R. 72.1(c)(2), when a party objects to the Magistrate Judge's report, a District Judge must make a de novo determination of those portions of the report to which the party has made specific written objections.  The district judge may accept, reject, or modify the recommended decision.

## II.  DISCUSSION

Under Fed. R. Civ. P. 16(a) the court may direct the attorneys for the parties to appear before it for conferences before trial for such purposes as "expediting the disposition of the action" and "establishing early and continuing control so that the case will not be protracted because of lack of management."  Additionally, the court may enter a scheduling order that limits the time to file motions and discovery, and sets dates for a final pretrial conference or any other matters appropriate in the circumstances of the case.  Fed. R. Civ. P. 16(b).

"If a party or a party's attorney fails to obey a scheduling or pretrial order . . . the judge . . . may make such orders with regard thereto as are just," and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D)."  Fed. R. Civ. P. 16(f).  Under Fed. R. Civ. P. 37(b)(2)(C) the court may issue "[a]n order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party."

It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel.  Rowland v. California Men's Colony, 506 U.S.

3

194, 201-202 (U.S. 1993).  Accordingly, when Barlex's attorney was relieved as counsel on

November 21, 2005, the court ordered that it obtain new counsel by December 18, 2005.  To

date, Barlex has not obtained new counsel.

In failing to obtain licensed counsel to represent it in this matter, Barlex violated the

November 21 order.  Moreover, as Barlex is still not represented, its continued failure to obtain

licensed counsel has prevented this matter from proceeding to trial.  As such, pursuant to Fed. R.

Civ. P. 37(b)(2)(C), the court may issue an order striking Barlex's answer, defenses, and

counterclaims.

Judge Wigenton's Report states that there are no appropriate alternative sanctions and

that further delay of this action would be inequitable to Plaintiff.  In opposing the Report, Barlex

fails to make any specific written objections and instead argues the merits of the underlying

claims.  Thus, as Barlex failed to oppose L-3's motion to strike and failed to make specific

objections to Judge Wigenton's Report, L-3's motion will be granted.

### III.  CONCLUSION

For the reasons set forth above, the court will accept Judge Wigenton's Report and

Barlex's answer, defenses, and counterclaims will be stricken.  The court will enter an order

implementing this opinion.

/s/ Dickinson R. Debevoise

DICKINSON R. DEBEVOISE, U.S.S.D.J.

Dated:        July 13, 2006